JAMES F. McKAY, III, Chief Judge.
_JjA review of the record reveals a patent error which is fatal to this appeal. While the minute entry states that the trial court *943 imposed sentences of five years incarceration under the supervision of the Louisiana Department of Corrections (“D.O.C.”) upon each defendant in this case, as well as in each of the companion cases, the transcript of sentencing reveals that the court failed to impose sentence in this case. The appellants pled guilty on the same day in several cases involving charges of theft and misappropriation, and the court reset sentencing in all of the cases until after it had conducted the restitution hearing. In simultaneously rendering sentences in all of the cases, the trial court inadvertently failed to impose sentence in the instant matter, although it ordered the sentences in other cases to be served either concurrently or consecutively with the sentences in this case.[1] In the event of a discrepancy between the minutes of a hearing and the transcript, the transcript prevails. See State v. Watson, 2000-1580, p. 3 n. 4 (La.5/14/02), 817 So.2d 81, 83; State v. Maten, 2004-1718, p. 18, (La.App. 1 Cir. 3/24/05), 899 So.2d 711, 725. Therefore, this Court must conclude that although the trial court | ^imposed the amount of restitution that the appellants must pay, it did not actually impose-sentences in this case.
La.C.Cr.P. art. 912C(1) provides that a defendant may appeal from a “judgment which imposes sentence.” See State v. Baxter, 343 So.2d 733 (La.1977) (per curiam ). Thus, the appeal was taken prematurely. As per Baxter, we dismiss this appeal and remand the case for the imposition of sentences.
APPEAL DISMISSED; REMANDED FOR RESENTENCING

. The trial court failed to impose sentences in CDC Case Nos. 500-897, 501-105 and 503-758; the applicable companion cases are as follows: Nos. 500-897, 503-758, 508-897, 501-105, 500-898, 505-952, 508-935 and 508-788.