' ROLAND L. BELSOME, Judge.
11 Defendant, Chevroun Smith, appeals his conviction and life sentence for second degree murder, requesting a review of the record for errors patent.

FACTS AND PROCEDURAL HISTORY

Ali Robinson was shot to death on the evening of April 13, 2012 in the Stallings Playground, in New Orleans. The autopsy revealed that Mr. Robinson sustained eleven gunshot wounds, one of which was fatal. Lead investigator, Detective Gregory Johnson, found Mr. Robinson’s body around 7:00 p.m; lying face down in the grass in close proximity to a park bench. Initially, only Jeremy Brock was identified as an eyewitness; however, he was, able to provide the police with a description of the shooter.[1]- A few days after the shooting, Michael .Williams, came forward as a second eyewitness, and gave a description of the shooter matching that given by Mr. Brock.
For roughly six months, police were unable to identify a suspect’, but in late October 2012, they were contacted by Tiesan Stewart, who indicated that he too 12was an eyewitness to the shooting.[2] Det. Johnson took Mr. Stewart’s statement on October 31, 2012, wherein Mr. Stewart identified the shooter as Chevroun “Chevy” Smith, the named defendant in this case. Upon obtaining this information, Mr. Stewart was shown á lineup containing the defendant’s photograph, and Mr. Stewart posi *796 tively identified Mr. Smith as the man who shot Mr. Robinson.
In January 2013, Det. Johnson, made contact with Mr. Brock, and showed him á lineup containing Mr. Smith’s photograph. Mr. Brock indicated that the shooter looked like two of the photographs, one of which was that of Mr. Smith. Thereafter, Det. Johnson contacted Mr. Williams, and showed him a photo lineup containing Mr. Smith’s photograph. Det, Johnson testified that Mr. Williams circled Mr. Smith’s photograph as that of the shooter.
At this juncture, Det. Johnson obtained a warrant for Mr. Smith’s arrest, pursuant to which he was ultimately arrested. A search warrant was also obtained for Mr. Smith’s residence, where officers ultimately seized a yellow and black Steeler’s hat and black jeans.
On January 31, 2012, the State obtained an indictment charging Chevroun Smith with the second degree murder of Ali Robinson.[3] On February 6, 2013, Mr. Smith pled not guilty to the charge. On August 6, 2013, the trial court heard and denied Mr. Smith’s motions to suppress evidence, statement, and identification. |¡¡On October 22, 2014, at the conclusion of a two-day trial, a twelve-person jury found Mr. Smith guilty as charged. On November 13, 2014, the court denied Mr. Smith’s motion for a new trial, and sentenced him to life imprisonment without the benefit of parole, probation, or suspension of sentence. Defense counsel noted Mr. Smith’s intent to appeal his conviction and sentence, and then moved to withdraw as counsel. The motion for appeal was filed on December 3, 2014, and the court granted it the next day. On June 18, 2015, counsel filed a brief requesting only a review of the record for errors patent. Pursuant to Mr. Smith’s request, this court sent him a copy of. the record, and granted him time to file a pro se brief. Mr. Smith has failed to file such brief, thus the review of his conviction and sentence is limited to a review for patent errors.

ASSIGNMENTS OF ERROR

The defendant requests that this Court review the record for errors patent.

DISCUSSION

Counsel for defendant filed a brief in this court containing no assignments of error, but requesting a review for errors patent on the face of the record. La.C.Cr.P. art, 920. As such, this Court “may consider as abandoned any assignment of error or issue for review which has not been briefed.” Uniform Rules, Courts of Appeal, Rule 2-12.4 B(4). The rule governing the processing of “errors patent” cases, as recognized by this Court in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990) provides that a court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of |4the trial court record, determines that the appeal is wholly frivolous.[4] See also State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241 (recognizing the Louisiana Supreme Court’s general endorsement of the rule). Counsel, here, submitted a brief with along with his motion to withdraw, which exhibits a detailed review of the procedural history of the case, as well as the evidence presented at trial. Benja *797 min, 573 So.2d at 530. Counsel also provided a detailed and renewable assessment for both the defendant and this Court as to whether the appeal is worth pursuing. See Jyles, 704 So.2d at 242; State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177; State v. Robinson, 590 So.2d 1185 (La.1992). As a result, counsel found no non-frivolous issues to raise on appeal, and no ruling of the trial occur which arguably supports an appeal. Benjamin, 573 So.2d at 530. Finally, counsel appropriately attached to the brief proof that a copy of the motion and the brief were forwarded to the appellant, and further noted that the defendant was informed of his right to file a pro se brief. Id.
Benjamin also prescribes the procedure appellate courts must follow in reviewing a request for review of the record for error’s patent. See id. at 531. Pursuant to our instruction in Benjamin, this Court has performed an independent and thorough review of the bill of information, all minute entries of the district court proceedings, all the pleadings in the record, the jury sheets, and all the transcripts contained in the appeal record. Id. The defendant was properly charged by bill of information with one count of second degree murder, a violation of La. R.S. 14:30.1, and the bill was signed by the foreman of the grand jury. Additionally, Mr. Smith was present and represented by counsel at arraignment, | fitrial, and sentencing. Lastly, a review of the trial transcript reveals that the State provided sufficient evidence to prove beyond a reasonable doubt that Mr. Smith was guilty of second degree murder.
The only patent error concerns the trial court’s failure to observe the twenty-four hour delay between the denial of Mr. Smith’s motion for new trial and sentencing, as mandated by La.C.Cr.P: art. 873. However, the failure to observe this delay has been deemed to be harmless if a defendant does not complain on appeal of his sentence. See State v. Berniard, 14-0341 (La.App. 4 Cir. 3/4/15), 163 So.3d 71; State v. Celestain, 13-1262 (La.App. 4 Cir. 7/30/14), 146 So.3d 874; State v. Duncan, 11-0563 (La.App. 4 Cir. 5/2/12), 91 So.3d 504. Mr. Smith has not complained On appeal of his mandatory sentence. Moreover, Mr. Smith implicitly waived this when both he and his counsel declined to address the court upon request before sentencing.
As such, this court’s review of the record reveals .no patent .errors. . Therefore, Chevroun Smith’s conviction and sentence are affirmed. Additionally, counsel’s motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. Mr. Brock described the shooter as a six-foot black male with a slim build and a beard, wearing black pants, a black and yellow shirt, and a black and yellow hat.

. Mr. Stewart testified that on the evening of the shooting, he had purchased marijuana from the victim, Mr, Robinson, and was sitting in his car adjacent to the park when he heard the pop of gun shots and saw the defendant shooting Mr. Robinson.

. Although the indictment lists the victim as "Ali Roninson,” and the transcripts list him as "Ollie Robinson," the autopsy and the pleadings in the record give his name as "Ali Robinson.”

. As noted in Benjamin, this Court does not require counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous, thereby undermining his client’s position. Benjamin, 573 So.2d at 530.