STATE OF LOUISIANA           *       NO. 2019-KA-0097

VERSUS                       *
                                     COURT OF APPEAL
ROBERT E. SMITH JR.          *
                                     FOURTH CIRCUIT
                             *
                                     STATE OF LOUISIANA
                    * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 533-983, SECTION "L"
Honorable Franz Zibilich, Judge

* * * * * *

**Judge Paula A. Brown**

* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Paula A. Brown,
Judge Dale N. Atkins)

Leon Cannizzaro
DISTRICT ATTORNEY, ORLEANS PARISH
Donna Andrieu
Irena Zajickova
ASSISTANT DISTRICT ATTORNEYS
619 S. White Street
New Orleans, LA 70119
      COUNSEL FOR APPELLEE

Katherine M. Franks
LOUISIANA APPELLATE PROJECT
P.O. Box 220
Madisonville, LA 70447
      COUNSEL FOR APPELLANT

Robert E. Smith, Jr. #338818
MP/West Walnut 3
La. State Penitentiary
Angola, LA 70712
      *PRO SE*

**CONVICTIONS AND SENTENCES AFFIRMED; DISTRICT COURT
INSTRUCTED TO CORRECT THE MINUTES OF THE SENTENCING
PROCEEDING; MOTION TO WITHDRAW GRANTED.**
**JULY 17, 2019**

This is a criminal appeal. Defendant, Robert E. Smith, Jr., was granted an out-of-time appeal on his convictions of first degree rape of the victim, B.S.,[1] armed robbery with a firearm of B.S., and second degree kidnapping of B.S. An *Anders* brief was filed by Defendant's appellate counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Jyles*, 96-2669, (La. 12/12/97), 704 So.2d 241 along with a motion to withdraw as appellate counsel. After consideration of the record before this Court and the applicable law, we affirm Defendant's convictions and sentences and grant appellate counsel's motion to withdraw.

## PROCEDURAL HISTORY

On March 6, 2017, the grand jury indicted Defendant on the charges of first degree rape (count 1), a violation of La. R.S. 14:42; armed robbery with a firearm (count 2), a violation of La. R.S. 14:64.3; and second degree kidnapping (count 3),

---

[1] The victim's initials will be used in this opinion. *See* La. R.S. 46:1844(w)(which prohibits public disclosure of the names, addresses, or identities of victims of sex offenses, authorizing use of initials, abbreviations, etc.).

1

in violation La. R.S. 14:44.1. The indictment was filed in the district court on April 7, 2017.

Following, Defendant was arraigned, pled not guilty to the charges, and waived his right to a trial by jury, electing to be tried by the judge only. On December 20, 2017, at the close of a one-day bench trial, the district court found Defendant guilty as charged on all counts.

On February 27, 2018, after denying Defendant's motion for new trial, the district court sentenced Defendant to life imprisonment, at hard labor, to be served without benefit of parole, probation, or suspension of sentence on his conviction of aggravated rape; thirty-five years with five-years enhancement, at hard labor, to be served without benefit of parole, probation, or suspension of sentence on his conviction of armed robbery with a firearm; and twenty years at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence on his conviction of second degree kidnapping. The district court ordered all the sentences to be served concurrently.

Defense counsel orally noted an intent to appeal but failed to file a written motion. On July 10, 2018, Defendant filed an application for post-conviction relief on the basis that his counsel was ineffective in having failed to request a direct appeal. On August 15, 2018, the district court granted Defendant an out-of-time appeal. This appeal followed.

### STATEMENT OF FACTS

At trial, B.S. testified that she left her home on November 1, 2015, between 2:00 and 2:30 a.m., and walked five or six blocks to a Shell station to buy cigarettes for her boyfriend. She also planned to go to Rally's that was located near the Shell station to purchase fast food. B.S. was six months pregnant at the

time.  B.S. recalled there was drizzling rain at first, and after she purchased the cigarettes, the rain increased.  While she waited for the rain to subside, Defendant pulled up in a truck and offered B.S. a ride which she voluntarily accepted.  B.S. explained she told Defendant she was going to the nearby Rally's.  Instead of transporting her to her stated destination, Defendant drove to an auto detailing shop and parked.  B.S. testified that Defendant brandished a gun and stated "you're going to give me what I want."  B.S. stated that Defendant demanded oral sex from her and raped her vaginally and anally.  B.S. recounted that Defendant held the gun during the sexual acts.  Once the sexual acts were completed, Defendant demanded B.S. give him her money, and he took $75.00 from B.S.  B.S. described the perpetrator as driving a blue truck, having dark skin, with gold teeth, wearing glasses, and having ear and lip piercings.

B.S. testified after Defendant raped her, he dropped her off near where he had picked her up, and she walked to Rally's.  B.S. called her boyfriend, who reported the attack to the New Orleans Police Department ("NOPD").  Testimony at trial indicated that the 911 call was received at 3:53 a.m. on November 1, 2015, and B.S.'s boyfriend reported that the incident occurred an hour before the call— approximately at 2:53 a.m.[2]  Officers from the NOPD arrived at the scene and interviewed B.S.

Following, B.S. was taken to University Hospital where she underwent a rape examination and vaginal and anal swabs were taken.  While at the hospital,

---

[2] This was consistent with B.S. testimony that the incident occurred between 2:30 and 3:30 a.m. on November 1, 2015.

Detective Herman Franklin, from NOPD, interviewed B.S.[3] B.S. informed the detective she did not know the perpetrator, and she advised the detective what the perpetrator was driving and described him.

B.S.'s swabs taken at University Hospital were sent to the Louisiana State Police Crime Lab in January 2016 for analysis. Testing of the swabs yielded a DNA profile, which was entered into the CODIS data base in search of a match. In early March 2016, the State Crime Lab notified Detective Franklin that a CODIS match was made to Defendant.

An arrest warrant and a search warrant were issued for Defendant which included a taking of a Buccal sample from Defendant to compare with the DNA profile developed by the Louisiana State Police Crime Lab. At the time Defendant was arrested, a gun was seized from Defendant.

Detective Franklin testified at trial that Defendant had gold teeth which was consistent with B.S.'s description of the perpetrator.

At trial, the State's DNA expert testified that Defendant could not be excluded as the donor for the male profile. The expert explained that on the basis of statistical probabilities, the chances of the male DNA present in the victim's vagina and anus, belonging to anyone other than Defendant, were one in 15.8 quintillion of the Caucasian population, one in 598 quadrillion of the African American population and one in 26.6 quintillion of the southwest Hispanic population.

Defendant testified that B.S. went with him voluntarily, and they had consensual sex on October 31, 2015 between 4:30-7:00 p.m. Defendant explained

---

[3] B.S. testified she was carrying a gun in her purse during the incident but she did not remove the gun from her purse. Detective Franklin testified the gun was not with B.S. when she arrived at the hospital.

4

that while he was driving, B.S. flagged him down, and they discussed B.S. having

sex with him in exchange for money. Defendant testified B.S. informed him it

would cost $50.00, and Defendant countered with $30.00. Defendant suggested

that the only reason B.S. pressed charges against him was because he failed to pay

the amount of money she demanded for her sexual services. Defendant denied

robbing B.S.

## ERRORS PATENT

In accordance with La. C.Cr.P. art. 920, all appeals are reviewed for errors

patent on the face of the record. After reviewing the record, we find an error

patent. In addition, the minutes of the sentencing proceeding are in need of

correction.

Pursuant to La. C.Cr.P. art. 873, a delay of at least 24 hours is required

between the denial of a motion for a new trial and the imposition of sentence

unless the delay is expressly waived by the defendant.[4] The transcript of the

sentencing proceeding does not reflect that the district court waited the mandatory

twenty-four hours after denying Defendant's motion for new trial, and the

transcript does not indicate Defendant expressly waived the twenty-four-hour delay

as permitted by art. 873. Nevertheless, this Court has held that the failure to

observe the twenty-four-hour delay is harmless where a defendant does not

complain of his sentence on appeal. *State v. Watkins*, 13-1248, p. 11 (La. App. 4

---

[4] La. C.Cr.P. art. 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between
> conviction and sentence. If a motion for a new trial, or in arrest of judgment, is
> filed, sentence shall not be imposed until at least twenty-four hours after the
> motion is overruled. If the defendant expressly waives a delay provided for in this
> article or pleads guilty, sentence may be imposed immediately.

Cir. 8/6/14), 146 So.3d 294, 301 (citations omitted). In the case *sub judice*, Defendant does not complain of his sentences on appeal; thus, any error in failing to observe the twenty-four-hour delay is harmless.[5]

Further, as noted by appellate counsel, the minutes of the sentencing proceeding are in need of correction. The minutes of the sentencing proceeding incorrectly identify the charge of armed robbery with a firearm as count 3 and the charge of second degree kidnaping as count 2. The grand jury indictment enumerated the charge of armed robbery with a firearm as count 2 and the charge of second degree kidnaping as count 3. Although the sentencing transcript does not reflect that the district court referred to the counts enumerated in the bill of indictment when imposing Defendant's sentences, to avoid any confusion, we order the district court to correct the minutes of the sentencing proceeding to correctly reflect the counts as set forth in the grand jury indictment.[6]

### *ANDERS* BRIEF

Under the procedure set forth in *State v. Benjamin*, 573 So.2d 528 (La. App. 4th Cir. 1990), Defendant's appointed appellate counsel has filed a brief pursuant

---

[5] Additionally, the sentence imposed for the first degree rape conviction was a mandatory sentence. In *State v. Williams*, 18-0445, pp. 10-11 (La. App. 4 Cir. 2/27/19), 265 So.3d 902, 912, this Court addressed the trial court's failure to comply with the delay required by La. C.Cr.P. art. 873 when a mandatory sentence was imposed:

> Nevertheless, "[a]bsent a showing that prejudice resulted from the failure to afford the statutory delay, reversal of the prematurely imposed sentence is not required." *State v. Hutsell*, 2017-0112 (La. App. 4 Cir. 4/18/18), 241 So.3d 542, 551 (citing *State v. Seals*, 1995-0305, p. 17 (La. 11/25/96), 684 So.2d 368, 380). No prejudice can be found when the sentence imposed was mandatory because "[d]elay or no delay, the sentence the judge was required to impose would have been the same." *Seals*, 1995-0305 at p. 17, 684 So.2d at 380.

Because Defendant received the mandatory sentence required by La. R.S. 14:42, the district court's failure to observe the statutory delay as to the sentence imposed for the aggravated rape conviction is harmless error.

[6] Generally, in the event of a discrepancy between the court minutes and the transcript, the transcript prevails. *State v. Epperley*, 12-0766, p. 1 (La. App. 4 Cir. 6/19/13), 119 So.3d 942, 943 (citations omitted).

6

to *Anders*, 386 U.S. 738 and *Jyles*, 704 So.2d 241. Appellate counsel asserts that she has conducted a thorough review of the record; she cannot find any non-frivolous issues to raise on appeal; she found no ruling of the trial court that arguably supports the appeal; and she seeks to withdraw as counsel of record.

The State filed a response pointing out no assignments of error were raised, and Defendant's convictions and sentences should be affirmed.

In *Anders*, the United States Supreme Court stated that appointed counsel may request to withdraw from representation if counsel finds the case to be "wholly frivolous, after a conscientious examination of it." *Id.*, 386 U.S. at 744. In *Jyles*, the Louisiana Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241.

An appellate court conducts an independent review of the record to determine whether the appeal is wholly frivolous. In *Benjamin*, 573 So.2d at 531, this Court set forth the appellate court's duty when reviewing an *Anders* brief filed by appointed appellate counsel:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a

> review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal and no ruling of the trial court which arguably supports an appeal, the appellate court may grant counsel's motion to withdraw and affirm a defendant's conviction and sentence. *Benjamin*, 573 So.2d at 531; *State v. Smith*, 15-0241 (La. App. 4 Cir. 1/27/16), 186 So.3d 794; and *State v. Preston*, 18-0786 (La. App. 4 Cir. 4/3/19), 267 So.3d 667, 672.

In the case *sub judice*, appointed appellate counsel's brief contains a detailed review of the procedural history of the case, the evidence presented at trial, and an assessment as to whether the appeal is worth pursuing. In addition, this Court granted Defendant's request to file a *pro se* brief which was due May 5, 2019, and no *pro se* brief was filed. Furthermore, our independent review of the record reflects Defendant was properly charged by bill of indictment, the bill was signed by the foreman of the grand jury, defendant was present and represented by counsel at arraignment, trial, and sentencing, and the sentences are legal in all aspects. Lastly, a review of the trial transcript reveals that the State provided sufficient evidence to prove beyond a reasonable doubt that Defendant was guilty of first degree rape of B.S., armed robbery with a firearm of B.S., and second degree kidnapping of B.S. The district judge believed B.S., not Defendant, and B.S.'s testimony and the DNA evidence supported Defendant's convictions. *See Watkins*, 13-1248, p. 14 (La. App. 4 Cir. 8/6/14), 146 So.3d 294, 303 (citations omitted) (wherein this Court held that "the testimony of a single witness, if believed by the trier of fact, is in most cases sufficient to support a conviction."

8

and "[a] fact finder's decision concerning the credibility of a witness will not be disturbed unless it is clearly contrary to the evidence.").

Appellate counsel notes, although not raised as assignments of error, that in Defendant's motion for new trial, Defendant asserted the State withheld B.S.'s arrest history until the morning of trial thereby impeding cross-examination of B.S., and the district court allowed evidence of Defendant's arrest for sexual offensive behavior as impeachment without conducting a hearing pursuant to *State v. Prieur*, 277 So.2d 126 (La. 1973).[7] After a review of the record and the applicable law, we find these issues are not properly preserved for review and/or meritless.

Regarding the alleged late disclosure of B.S.'s arrest record, the State gave defense counsel B.S.'s arrest history prior to start of the trial, and Defendant did not object to the alleged late disclosure. Thus, any alleged error was waived by Defendant. La. C.Cr.P. art. 841.[8] Additionally, even under the guise of an ineffective assistance of counsel claim for failure to object, Defendant fails to demonstrate prejudice. Defense counsel crossed-examined the victim on some of her arrests until the State objected, and the district court properly sustained the objection, pursuant to La. C.E. art. 609.1(B),[9] on the grounds that arrests were not

---

[7] "The purpose of the *Prieur* hearing is to offer the defendant an opportunity to defend against the admission of 'other crimes' evidence. *State v. Baker*, 452 So.2d 737 (La. App. 1st. Cir.1984). The trial court must determine, outside the presence of the jury, whether the evidence complies with the standards for allowing the introduction of such evidence. Great discretion is afforded the trial judge in this area. *State v. Lindsey*, 404 So.2d 466 (La.1981)." *State v. Gibson*, 511 So.2d 799, 802 (La. App. 4th Cir. 1987).

[8] La. C.Cr.P. art. 841(A) provides, in part, that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."

[9] La. C.E. art. 609.1(B) provides that generally only offenses in which the witness has been convicted, not arrested, are admissible upon the issue of credibility.

a proper basis for impeachment of the victim. Thus, any error alleged on this ground is meritless.

As to the district court allowing the State to question Defendant as to his prior arrest involving sexual offensive behavior without conducting a *Prieur* hearing, the State filed in the district court, on November 16, 2017, a notice of intent to offer evidence of Defendant's June 9, 2004 arrest in Lafayette Parish for obscenity and "peeping tom."[10] Defendant did not request a hearing or a ruling on the admissibility of the prior arrest, and Defendant did not file a motion to prohibit the admissibility of his prior arrest. In addition, when Defendant was questioned by the State at trial about this prior arrest, defense counsel did not object or move for a mistrial. Raising the issue after the verdict, such as in a motion for new trial or on appeal, does not cure the contemporaneous objection requirement of art. 841. *See State v. Guidroz*, 498 So.2d 108, 110 (La. App. 5th Cir. 1986)(citing La. C.Cr.P. art. 841)(wherein the appellate court held that the defendant's failure to object to the other crimes evidence both prior to and during trial was not properly preserved for review by the appellate court). Thus, this issue was not properly preserved for appellate review.

---

[10] La. C.E. art. 404(B)(1) provides:

> **B. Other crimes, wrongs, or acts.** (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

In addition, the pre-trial hearing requirement of *Prieur* does not apply to this evidence, as the state sought to introduce it pursuant to La. C.E. art. 412.2.[11] *See State v. Williams*, 02-0898, p. 6 (La. 10/15/02), 830 So.2d 984, 987 (wherein the Supreme Court held that La. C.E. art. 412.2 does not require the trial court to hold a pre-trial hearing prior to admitting the evidence). Furthermore, even under the guise of an ineffective assistance of counsel claim for failure to object, Defendant fails to demonstrate prejudice by the admission of the evidence. Because it was a bench trial, it is unlikely the trial judge was improperly influenced by the introduction of an arrest,[12] as the judge is presumed to know the law. *See State v. Gross*, 16-1168, p. 4 (La. App. 1 Cir. 4/18/17), 218 So.3d 1089, 1093 (citation omitted)(wherein the appellate court explained that "[a] judge, unlike a jury, by virtue of the judge's training and knowledge of the law is fully capable of disregarding any impropriety."); *Cf. State v. Abbott*, 17-0016, p. 13 (La. App. 4 Cir. 6/14/17), 222 So.3d 847, 854, *writ denied*, 17-1095 (La. 9/14/18), 251 So.3d 1090(citations omitted)(wherein this Court explained that a judge in a bench trial is not required to charge himself on the applicable law as he is presumed to know it).

---

[11] La. C.E. art. 412.2 provides:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

> B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.

> C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

[12] At trial, Defendant admitted to his prior convictions for armed robbery, possession of a stolen auto, and distribution of drugs which he did not complain of in his motion for new trial.

**CONCLUSION**

After an independent review of the record, we find one error patent which is harmless, and order the district court to correct the minutes of the sentencing proceeding to accurately reflect the counts as enumerated in the bill of indictment. Moreover, we find that there are no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal. Accordingly, Defendant's convictions and sentences are affirmed, and appellate counsel's motion to withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED; DISTRICT COURT INSTRUCTED TO CORRECT THE MINTUES OF THE SENTENCING PROCEEDING; MOTION TO WITHDRAW GRANTED.**