| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2022-KA-0339** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JARVIS BROWN** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 520-744, SECTION "I"
Honorable Karen K. Herman, Judge

\* \* \* \* \* \*

**Judge Paula A. Brown**

\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Paula A. Brown)


Bruce G. Whittaker
LOUISIANA APPELLATE PROJECT
1215 Prytania Street
Suite 332
New Orleans, LA 70130-4357

    COUNSEL FOR DEFENDANT/APPELLANT

Jarvis Brown #710737
MPW - Hickory 3
Louisiana State Penitentiary
Angola, LA 70712

    DEFENDANT/APPELLANT PRO SE

**AFFIRMED**
**MOTION TO WITHDRAW GRANTED**
**NOVEMBER 16, 2022**

In his second criminal appeal, Defendant, Jarvis Brown, seeks review of the district court's judgment, which resentenced him to sixty years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence for convictions of three counts of armed robbery with a mandatory five-year enhancement for the use of a firearm. Defendant's court-appointed appellate counsel has filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669, p. 3 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), along with a motion to withdraw as appellate counsel. After consideration of the record before this Court and the applicable law, we affirm Defendant's sentence and grant appointed appellate counsel's motion to withdraw.

## FACTUAL AND PROCEDURAL HISTORY

On June 20, 2014, the State of Louisiana (the "State") charged Defendant, by bill of information, with three counts of armed robbery with a firearm pursuant to La. R.S. 14:64 and 14:64.3; one count of possession of marijuana pursuant to La. R.S. 40:966; and one count of access device fraud pursuant to La. R.S. 14:70.4(E)(3). After a two-day jury trial, the district court sentenced Defendant to

1

sixty years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence on each count of armed robbery to be served concurrently with all other sentences. Defendant appealed.

On May 3, 2017, this Court affirmed Defendant's convictions, vacated his sentences on each of the counts of armed robbery and remanded the case for resentencing. *State v. Brown*, 16-0965 (La. App. 4 Cir. 5/3/17), 219 So.3d 518. This Court, finding an error patent in the bill of information, explained:

> [I]n the bill of information, the State invoked the firearm provision of La. R.S. 14:64.3, which provides that when a firearm is used in the commission of an armed robbery the "offender shall be imprisoned for an additional period of five years without benefit of parole, probation, or suspension of sentence." *Id.* At the sentencing hearing, the district court sentenced Mr. Brown to sixty years at hard labor without the benefit of probation, parole, [or] suspension of sentence for each of the three convictions for armed robbery with a firearm. The district court did not, however, specify whether Mr. Brown's sentences included the mandatory additional five years imprisonment pursuant to La. R.S. 14:64.3(A). This court has held that a sentence is indeterminate when it fails to impose the additional five-year enhancement as required by La. R.S. 14:64.3. *State v. Amos,* 15-0954, pp. 5-6 (La. App. 4 Cir. 4/6/16), 192 So.3d 822, 827; *see also State v. Burton*, 09-0826, p. 3 (La. App. 4 Cir. 7/14/10), 43 So.3d 1073, 1076 (finding the failure to impose the mandatory additional five years imprisonment pursuant to La. R.S. 14:64.3(A) illegally lenient). We thus vacate Mr. Brown's sentences for the three armed robbery convictions and remand for resentencing for the imposition of the additional punishment as mandated by La. R.S. 14:64.3(A).

*Brown*, 16-0965, pp. 7-8, 219 So.3d at 526.

Thereafter, Defendant filed a motion to correct illegal sentence, which was denied, and later sought supervisory writs with the Louisiana Supreme Court. On review, the Supreme Court found that although the district court failed to specify whether Defendant's sixty-year sentences included the mandatory five-year imprisonment, "the appellate court erred in finding as an error patent that they were indeterminate and in vacating them, absent any complaint by the State that

2

the district court failed to apply the mandatory firearms enhancement." *State v. Brown*, 19-00771, p. 2 (La. 10/14/20), 302 So.3d 1109, 1110. The Supreme Court granted Defendant's writ application for the limited purpose of remanding to the district court for resentencing, but otherwise denied the application.

Pursuant to the Supreme Court's order to remand, on November 10, 2020, the district court vacated its originally imposed sentence and resentenced Defendant to sixty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence and included a mandatory five-year enhancement for the use of a firearm required by La. R.S. 14:64.3(A). Defendant orally objected to the resentencing and was subsequently appointed appellate counsel.

This appeal followed.

## *ANDERS* BRIEF/MOTION TO WITHDRAW

Appointed appellate counsel, in accordance with the procedures outlined in *State v. Benjamin*, 573 So.2d 528 (La. App. 4 Cir. 1990), has filed a brief pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396 and *Jyles*, 704 So.2d 241, and submits that he has conducted a thorough review of the record; that he cannot find any non-frivolous issues to raise on appeal; and that he seeks permission to withdraw as counsel of record. Defendant filed a supplemental brief, wherein he assigned two *pro se* errors. The State declined to file a response to either appointed counsel's *Anders* brief or Defendant's supplemental brief.

This Court has previously discussed the criteria for review of an *Anders* brief in *State v. Smith*, 19-0097, pp. 6-8 (La. App. 4 Cir. 7/17/19), ___ So.3d ____, ____, 2019 WL 4197550 at *3 (citing *State v. Benjamin*, 573 So.2d 528, 531 (La. App. 4 Cir. 1990)):

3

In *Anders*, the United States Supreme Court stated that appointed counsel may request to withdraw from representation if counsel finds the case to be "wholly frivolous, after a conscientious examination of it." *Id.*, 386 U.S. at 744, 87 S.Ct. 1396. In *Jyles*, the Louisiana Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241.

An appellate court conducts an independent review of the record to determine whether the appeal is wholly frivolous. In *Benjamin*, 573 So.2d at 531, this Court set forth the appellate court's duty when reviewing an *Anders* brief filed by appointed appellate counsel:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal and no ruling of the trial court which arguably supports an appeal, the appellate court may grant counsel's motion to withdraw and affirm a defendant's conviction and sentence. *Benjamin*, 573 So.2d at 531; *State v. Smith*, 15-0241 (La. App. 4 Cir. 1/27/16), 186 So.3d 794; and *State v. Preston*, 18-0786, [p. 8] (La. App. 4 Cir. 4/3/19), 267 So.3d 667, 672.

Appointed appellate counsel asserts that after a review of the district court record, specifically the transcript of the resentencing on remand and the decisions of this Court and the Supreme Court, there were no non-frivolous issues to raise on appeal. Appointed counsel points out that at the resentencing hearing Defendant

raised a contemporaneous objection that his bill of information was invalid, stating:

> **THE DEFENDANT:**
> Your Honor, I'm in prison illegally. I'm incarcerated illegally on an invalid Bill of Information. I'm trying to see why I'm here being what – under what charges I'm being resentenced under. My sentence was declared illegal. I was convicted under an invalid Bill of Information. So if the Bill of Information is invalid and no new bill has been filed, there can be no resentencing unless the error has been corrected.

Thereafter, Defendant attempted to explain his claim, arguing: "[t]hey charged me with 14:64.3. That's not a statute of convicting [sic] you give me 60 years. It's 14:64. That's the only charge you give me, from 10 to 99 [years]. It's 14:64. 14:64.3 is an additional penalty." Appointed appellate counsel notes that the June 20, 2014 bill of information, specifically, counts three, four and five, charged that on April 23, 2014, Defendant, "while armed with a dangerous weapon, to wit: a firearm, robbed" three named victims of their respective valuables. Thus, it was evident that Defendant was being charged with armed robbery. We agree.

Louisiana Revised Statute 14:64(A) provides that "[a]rmed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." "An information is a written accusation of crime made by the district attorney or the city prosecutor and signed by him." La. C.Cr.P. art. 384. "It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof." *Id*.

La. C.Cr.P. art. 464 provides that:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its

5

omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

Our review of Defendant's bill of information reveals that it did not specifically set forth that Defendant's alleged actions were in violation of La. R.S. 14:64(A). Notwithstanding, such an omission does not warrant a finding that the bill of information was invalid or defective. Defendant's June 20, 2014 bill of information placed him on notice that he was charged with armed robbery because the essential facts constituting armed robbery were set forth. This Court has previously held that "[p]ursuant to La. C.Cr.P. art. 464, the omission of the citation will not be ground for dismissal if the omission did not mislead [the defendant] to [his] prejudice." *State v. Olivia,* 13-0496, p. 4 (La. App. 4 Cir. 3/26/14), 137 So.3d 752, 755, *writ denied,* 14-0884 (La. 11/14/14), 152 So.3d 879. In the case *sub judice*, there is no evidence to suggest that Defendant was misled to his prejudice due to the omission of the citation to the precise statute under which he was being charged. To the contrary, the record supports that Defendant was being charged with armed robbery.

Appointed appellate counsel further notes that Defendant's challenge to his bill of information came after the jury rendered its guilty verdicts and was thus untimely. "It is well-settled that '[a] post-verdict attack on the sufficiency of an indictment does not provide grounds for setting aside a conviction unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense.'" *State v. Pittman*, 18-0821, p. 12 (La. App. 4 Cir. 4/3/19), 267 So.3d 672, 679 (citing *State v. Brazell*, 17-0032, p. 12 (La. App. 4 Cir. 4/18/18), 245 So.3d 15, 28). As previously stated in this opinion, the June 20, 2014 bill of information provided Defendant with fair notice that he was being

charged with armed robbery. Thus, appointed appellate counsel's conclusion that Defendant's appeal contains no non-frivolous claims has merit.

## *PRO SE* ASSIGNMENTS OF ERROR

*Pro Se Supplemental Assignment of Error 1*

Defendant contends in his first *pro se* assigned error that the district court failed to comply with sentencing guidelines set forth in La. C.Cr.P. art. 894.1,[1] thus making enhancement harsher.

In *State v. Johnson*, this Court wrote:

> [R]igid compliance with article 894.1 has been deemed unnecessary where the record clearly shows an adequate factual basis for the sentence imposed, [but] the record should reflect the considerations taken into account by the [district] court in determining the sentence to aid the reviewing court in determining whether the sentence is warranted in light of the particular circumstances of the case.

*State v. Johnson*, 13-0343, p. 23 (La. App. 4 Cir. 10/1/14), 151 So.3d 683, 697-698 (citing *State v. Quebedeaux,* 424 So.2d 1009 (La. 1982)).

In the case *sub judice*, the district court explained at the November 10, 2020 hearing that Defendant's resentencing was for the limited purpose of clarifying the originally imposed sentence. The district court elucidated that the "60-year term per count includes the mandatory [five]-year sentence enhancement required by [La.] [R.S.] 14:64.3(A)." Thus, we find that the limited purpose of the resentencing was achieved and further consideration of the La. C.Cr.P. art. 894.1 factors by the district court was unnecessary.

Defendant further argues that the Louisiana Supreme Court vacated the original sentence and remanded for resentencing, but that the resentence is harsher than the original sentence of 60 years without eligibility for parole. We disagree.

---

[1] La. C.Cr.P. art. 894.1, which set forth sentencing guidelines, contains a checklist of aggravating and mitigating factors the district court must consider upon sentencing.

A review of the November 20, 2020 hearing transcript clearly reflects that the district court did not increase Defendant's concurrently-running sixty-year sentences, but instead specified that the five-year mandatory enhancement required under La. R.S. 14:64.3(A) was included within the originally-imposed sixty-year imprisonment term. This assignment of error lacks merit.

*Pro Se Supplemental Assignment of Error 2*

In his second *pro se* assignment of error, Defendant insists that he was "sentenced under a defective Bill of Information" because it "never had the proper statute of 14:64 in it which makes it defective…." As previously discussed in this opinion, Defendant's bill of information provided fair notice that he was charged with armed robbery. This assignment of error lacks merit.

## CONCLUSION

After an independent review of the record, we find no errors patent and no non-frivolous issues on appeal. Accordingly, the resentence of Defendant, Jarvis Brown, is affirmed and appointed appellate counsel's motion to withdraw is granted.

**AFFIRMED**
**MOTION TO WITHDRAW GRANTED**